UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

NAUTILUS INSURANCE COMPANY,

           Plaintiff,

    -against-                                      24 civ. 7234 (CM)

ROADRUNNER RESTORATION COMPANY
LLC, AND KEY ALLEGRO
CONDOMINIUMS COUNCIL OF CO-OWNERS,
INC.,

           Defendants.

———————————————————————X

**MEMORANDUM DECISION AND ORDER GRANTING THE MOTION OF DEFENDANT KEY ALLEGRO CONDOMINIUMS COUNCIL OF CO-OWNERS, INC. FOR DISMISSAL WITHOUT PREJUDICE**

McMahon, J.:

This insurance coverage case is part of the aftermath of Hurricane Harvey, which caused extensive damage along the Texas Gulf Coast in 2017.

Plaintiff Nautilus is an insurance company incorporated and with its principal place of business in Arizona.

Defendant Key Allegro is a condominium association located in Rockport, Texas. It suffered massive damage as a result of the hurricane. Key Allegro, a small non-profit corporation organized under Texas law, has not a single connection to New York. It is located in Texas, its directors are residents of Texas, and its members are the owners of the Texas condominiums. There does not appear to be any dispute that Key Allegro conducts no business in New York, has no assets in New York, and lacks any other type of contact that would ordinarily subject it to suit in New York.

Shortly after the hurricane, Key Allegro engaged in emergency mitigation for the hurricane damage suffered as a result of the storm. Using insurance proceeds, it paid over $13 million for this reconstruction project. The insurer was Progressive Fire and Flood, Inc., d/b/a Roadrunner Restoration ("Roadrunner").[1]

---

[1] There were originally two Roadrunner defendants – Roadrunner Restoration Company, LLC and its corporate parent, Roadrunner Restoration Holdings, LLC. However, Nautilus unilaterally discontinued this action against

Roadrunner ceased work on the project in April 2022. Shortly thereafter, it made a demand on Key Allegro for the sum of $800,000, and initiated an arbitration before the American Arbitration Association, seeking recovery of that sum. Key Allegro asserted a counterclaim in the arbitration, alleging defects in construction work performed under the auspices of Roadrunner. It is seeking in excess of $10 million in damages. Under a reservation of rights, Nautilus has advanced defense costs associated with the arbitration to Roadrunner.

On or about September 25, 2024, Nautilus filed this action, seeking a declaration that it has no liability to Roadrunner or Key Allegro under two liability policies that Nautilus issued to Roadrunner covering the period September 7, 2021 until September 7, 2022 – Policies ECP2035791-10 (the "Primary Policy") and FFX2035793-10 (the "Excess Policy"). Key Allegro is not a party to either insurance policy, and neither policy was obtained at the behest of Key Allegro or for its specific benefit. It is not a named insured or listed as an additional insured on the policies.

The Primary Policy[2] contains a forum selection clause, which states that "The Insured and the Company agree that in the event a dispute arises under the policy the validity, interpretation, performance or enforcement of the policy, the meaning, interpretation or operation of any term, condition, definition or provision, or the fulfillment of any party of any obligation with respect to the policy, all litigation shall take place in the state of New York, and that all parties shall submit to the jurisdiction of any court of competent jurisdiction within the State of New York, including federal courts." Nautilus represents to this court that the only reason it filed this coverage case here is this forum selection clause. It joined Key Allegro as a defendant because Nautilus understood that Key Allegro would seek recovery under the policies if it were to win a judgment against Roadrunner in the underlying arbitration.

Of course, Key Allegro has not yet won a judgment against Roadrunner, and the arbitration between them is going nowhere. Roadrunner – now known as Spring Forest Company LLC – filed for bankruptcy on or about November 14, 2024. Dkt #24. That bankruptcy is being administered in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. As this court has previously recognized, Nautilus' action is now stayed as against Roadrunner. Unless Nautilus obtains relief from the stay so that it can pursue claims against Roadrunner in some other court, its claims against the debtor will likely be disposed of in the bankruptcy. Indeed, it would not be surprising if Nautilus were to file an adversary proceeding in the Bankruptcy Court, asserting there the very claim it asserts against Roadrunner here.

Roadrunner's bankruptcy makes Key Allegro the only real defendant in this lawsuit.

On December 6, 2024, Key Allegro filed a lawsuit in a state court in Texas, against Nautilus, Progressive (as predecessor in interest to Roadrunner, and the party with which Key Allegro actually dealt), Roadrunner Holdings (which is no longer a party to this action and which

---

Roadrunner Holdings on November 22, 2024. Dkt. #24. The court directs the Clerk of Court to amend the caption to remove Roadrunner Restoration Holdings, LLC, as a defendant in this lawsuit.

[2] The Excess Policy is a "follow the form" policy.

is not in bankruptcy), and two other insurance companies, seeking a declaration that coverage is available to Key Allegro under, *inter alia*, the policies here in suit (the "Texas Action"). As far as I know, Key Allegro has not sought relief from the automatic stay so that it can join Roadrunner in that lawsuit.

Also on December 6 2024, Key Allegro moved to dismiss or stay this action for want of personal jurisdiction, principally on the ground that it is not a party to the insurance policies or their forum selections clauses and it is not otherwise amenable to suit in New York. It moved in the alternative for a *forum non conveniens* dismissal, arguing that New York is an inconvenient forum for litigating this coverage dispute. Dkt. #30.

Key Allegro's motion to dismiss this case for want of personal jurisdiction against it is GRANTED. Dismissal is of course without prejudice to Nautilus' bringing this action in a forum where Key Allegro can be sued. There is no need to reach the alternative argument.

## DISCUSSION

The first order of business is to address Nautilus' argument that Key Allegro's motion should be denied because it violates the automatic stay in bankruptcy that runs in favor of Roadrunner. That dog won't hunt.

The gravamen of this argument is that the declarations Nautilus seeks as against Key Allegro are identical to those it seeks against Roadrunner – namely, that the policies in suit do not cover any damages Roadrunner may owe to Key Allegro. But the automatic stay in Roadrunner's bankruptcy does not as a rule extend to third-party Key Allegro; it extends to claims against the debtor, not third parties. Furthermore, while a claim *by Key Allegro against the policies* (which are, of course, assets of the bankruptcy estate) would appear to fall within the provisions of the automatic stay – specifically 11 U.S.C. § 362(a)(3), which extends the automatic stay to any and all lawsuits that seek to obtain possession or control over estate property – Key Allegro is not asserting any claim to estate property, or any claim at all, in the action pending before this court. Rather, *Nautilus*, the insurer, is the plaintiff and the only party that has asserted any claims. Moreover Nautilus does not seek (at least in this lawsuit) to obtain possession or control over any property of the bankruptcy estate; rather, it seeks a declaration that the policies it issued *do not cover* Key Allegro's damages..[3]

But in any event, this court is not being asked, on this motion, to decide anything about who owns or who can or cannot assert a claim against the policies. Rather, I am being asked to decide whether a small Texas condominium corporation can be sued in New York in a declaratory judgment action. That is a jurisdictional issue, not a merits issue; and it is peculiar to Key Allegro, which is not a debtor in bankruptcy. A decision about whether this court does or does not have

---

[3] Key Allegro has apparently asserted a claim in the Texas Action seeking a declaration that the policies in suit do cover its losses, although it has refrained from suing Roadrunner. The parties waste a lot of ink discussing whether the commencement of that action violated the automatic stay. That is an issue for the Bankruptcy Court to decide. I have no business getting involved, and I do not intend to get involved. Nor do I intend to get involved in adjudicating whether Key Allegro's case in Texas violates some direct action rule under Texas state law – a matter that is peculiar to the Texas Action and that has nothing to do with this case. These issues should never have been the subject of briefing here.

personal jurisdiction over Key Allegro will have no impact on whether Key Allegro's losses are or are not covered by the policies, so deciding the pending motion will have no impact on the *res* of the bankruptcy estate. Moreover, it may be helpful to the Bankruptcy Court – which will undoubtedly be faced with either an adversary proceeding involving these parties or a motion to lift the automatic stay (or both) – to know whether this court would ever allow an action relating to the policies to proceed against Key Allegro in New York. That information might help inform its judgment about where this dispute should be resolved.

Turning to the merits of the motion, it is easily decided. This court lacks personal jurisdiction over Key Allegro under New York's long-arm statute, and Key Allegro is not bound by the forum selection clause. Therefore, Key Allegro has not consented to jurisdiction in New York, and it cannot be sued here.

As Nautilus cannot point to a single contact between Key Allegro and New York, the courts in this state lack general jurisdiction over Key Allegro. NY Civ. Prac. Law and Rules 301. And Nautilus does not try to argue that the long-arm statute confers general jurisdiction over Key Allegro.

Instead, Nautilus insists that this court has specific jurisdiction over Key Allegro. Of course no provision of New York's long-arm statute confers personal jurisdiction over Key Allegro – it transacted no business within New York, it committed no tort in New York, committed no tort outside New York that caused injury in New York (let alone satisfied the additional conditions authorizing long-arm jurisdiction over out-of-state torts), and it owns no real property in the New York. CPLR 302(1-4). So Nautilus cannot sue Key Allegro in this court unless Key Allegro has consented to suit.

Nautilus' basis for arguing that Key Allegro has consented to suit in New York is the presence of the forum selection clause in the policies in suit.

But Key Allegro is not a party to the policies, which were issued by Nautilus and cover Roadrunner. The terms of the forum selection clause make that perfectly clear: the agreement to a New York forum is between "the Insured and the Company," and no one else. Ex. A, Sec. VII.5.[4] Key Allegro does not fall within the definition of the term "Insured" in the policy – that would be Roadrunner and its affiliates. *Id.* Sec. III. As far as I can see, Key Allegro is not even specifically identified as an additional insured, either in the text of either of the policies in suit or in any addendum thereto. And the term "Company" refers to "the Company providing the insurance," which is either Nautilus or an entity called Berkley Environmental. Those are the only parties to the contract; those are the only parties who agreed that lawsuits about the policies would be brought in New York. Key Allegro is a total stranger to the policies that are subject to the forum selection clause. It is simply a third party claimant, who "has no contract with the insurer or the insured." *Allstate Ins. Co. v. Watson*, 876 S.W. 2d 145 (Tex. 1994).

In this Circuit, the only exception to the usual rule that a forum selection clause binds only the parties who expressly agreed to it is where a non-party to a contract has a close relationship with a contracting party – the prime example being an officer or director of a corporation that

---

[4] Nautilus carefully omits to include this all-important policy language in its description of the forum selection clause.

agreed to litigate in a particular forum, for example. *See NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 350 (S.D.N.Y. 2020). "The key inquiry in the 'closely related' analysis is whether 'enforcement of the forum selection clause is *foreseeable* by virtue of the relationship between the signatory and the party sought to be bound.'" *Id.* (quoting *Yeda Research & Dev. Co. Ltd. v. iCAD, Inc.*, 2019 WL 4562409, at *6 (S.D.N.Y. Sept. 5, 2019) (emphasis added). "[T]he enforcement of the forum selection clause against the non-party *must have been foreseeable prior to suit*, which implies that the non-signatory must have been otherwise involved in the transaction in some manner." *Prospect Funding Holdings, LLCv. Vinson*, 256 F. Supp. 3d 318, 325 (S.D.N.Y. 2017) (emphasis added).

Not a single fact in the record before this court admits of the conclusion that Key Allegro is "related" to either contracting party, or that it could possibly have foreseen the possibility of being sued by this insurer in New York. Key Allegro does not have a close relationship, either with Roadrunner (the insured, a contractor with whom Key Allegro is presently engaged in litigation) or with the issuing insurance company (the plaintiff in suit). To the extent there is any "relationship" between Key Allegro and these entities, it is entirely adversarial.

Moreover, no evidence suggests that Key Allegro could possibly have foreseen that it could be sued in New York in the event of a coverage dispute arising under these policies. The policies in suit were not issued for the benefit of Key Allegro or specifically to cover the work performed for Key Allegro; they are, rather, general liability policies that cover all work performed during a particular year. The unrebutted evidence in the record is that Key Allegro was unaware of the existence of these policies until they were produced during discovery in its arbitration with Roadrunner. There is not the slightest bit of evidence tending to show that Key Allegro was "involved in the [underlying insurance] transaction in some manner."

Therefore, Nautilus cannot rely on the forum selection clause to confer *in personam* jurisdiction over Key Allegro, or to hale Key Allegro into court in a New York declaratory judgment action. If Nautilus wants to obtain a declaratory judgment *against Key Allegro*, it needs to sue in a court where Key Allegro is amenable to jurisdiction.

Because this court lacks personal jurisdiction over Key Allegro, its motion is granted and it is dismissed as a defendant in this lawsuit. Dismissal is of course without prejudice. Between the Bankruptcy Court in Houston and the Texas state court, there is no doubt somewhere that Nautilus can sue Key Allegro if it needs to do so.

While Roadrunner is bound by the forum selection clause, and so can be sued here, its bankruptcy means both that this court cannot presently move this matter along, and that, when all is said and done, it is highly likely that issues relating to the policy will be resolved somewhere else. Therefore, I direct the Clerk of Court to place this case on the court's suspense calendar, and to close it administratively. If Nautilus does not choose to discontinue the matter, it may move to reopen the matter at an appropriate time.

## CONCLUSION

The Clerk of Court is directed to do the following: (1) remove defendant **Roadrunner Restoration Holdings LLC** from the caption of this case; (2) dismiss this case without prejudice as to defendant **Key Allegro Condominiums Council of Co-Owners, LLC**, for want of personal jurisdiction over Key Allegro, and remove the motion at Dkt. #30 from the court's list of open motions; and (3) place this case on the suspense calendar as against defendant **Roadrunner Restoration Company LLC** and close it administratively, so that it does not appear on any list of the court's open cases.

This constitutes the decision and order of the court. It is a written decision.

Dated: January 15, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL